Steven Soha, WSBA #9415
soha@sohalang.com
Geoffrey Bedell, WSBA # 28837
bedell@sohalang.com
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101-2570
Telephone:  206-624-1800
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON,
AT SPOKANE

| | |
|---|---|
| CITIES INSURANCE ASSOCIATION OF WASHINGTON, a Washington non-profit corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, a Bermuda corporation<br><br>      Defendant. | Cause No. 2:16-cv-00134-TOR<br><br>**STIPULATED PROTECTIVE ORDER** |

**1.    INTRODUCTION**

This matter will involve the production or disclosure of confidential and privileged defense cost invoicing or communications from the underlying lawsuit. In addition, there may be production or disclosure of other documents that contain confidential, proprietary or privileged information for which special protection

STIPULATED PROTECTIVE ORDER – 1
USDC ED WA CAUSE NO.  2:16-cv-00134

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

**2.     "CONFIDENTIAL" MATERIAL.**

"Confidential" material shall include the documents so designated as set forth in Section 5 below.

**3.     SCOPE.**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.  However, the protections conferred by this agreement do not cover information that is in the public domain either prior to execution of this agreement, or after the execution of this agreement if the information was released into the public domain in some manner unrelated to this litigation.  The protections conferred by this agreement do not cover information that becomes part of the public domain during trial, appeal, or any other disclosure into the public domain permitted by the Court.

**4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL.**

4.1.    Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection

STIPULATED PROTECTIVE ORDER – 2
USDC ED WA CAUSE NO.  2:16-cv-00134

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this agreement.

4.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation, including other attorneys in the same law firm of counsel of record;

(b)    the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER – 3
USDC ED WA CAUSE NO.  2:16-cv-00134

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

(d) auditors, regulators, and reinsurers of the receiving party, as well as their employees to whom it is reasonably necessary to disclose the information for this litigation;

(e) the court, court personnel, and court reporters and their staff;

(f) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to promptly return all originals and copies of any confidential material;

(g) during their depositions, non-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER – 4
USDC ED WA CAUSE NO. 2:16-cv-00134

4.3. Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. The Scheduling Order sets forth standards that will be applied when a party seeks permission from the court to file material under seal. (ECF No. 19 at 4:15 – 5:2)

**5. DESIGNATING PROTECTED MATERIAL.**

5.1. Manner and Timing of Designations. Disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word "CONFIDENTIAL" to the pages or documents that contains confidential material.

(b) Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or

STIPULATED PROTECTIVE ORDER – 5
USDC ED WA CAUSE NO. 2:16-cv-00134

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

non-party may, within twenty-eight days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

    (c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

  5.2. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

  5.3. Mistaken Designation. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party shall promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER – 6
USDC ED WA CAUSE NO. 2:16-cv-00134

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1. Any party may challenge in court the designation of any particular document or tangible thing as "Confidential" or the types of documents and tangible things listed above as "Confidential."

6.2. Timing of Challenges. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.3. Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.4. Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the parties may contact chambers to schedule a telephonic conference to obtain an expedited ruling per the Scheduling Order. (ECF No. 19 at 5:3-6) As directed by the court following such telephonic conference, the designating party may file and serve a motion to retain

STIPULATED PROTECTIVE ORDER – 7
USDC ED WA CAUSE NO. 2:16-cv-00134

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

confidentiality. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best

STIPULATED PROTECTIVE ORDER – 8
USDC ED WA CAUSE NO. 2:16-cv-00134

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.     NON-TERMINATION AND RETURN OF DOCUMENTS.**

If requested in writing by any party, within 60 days after the termination of this action, including all appeals, each receiving party must return or destroy all confidential material to the producing party, including all copies, extracts and summaries thereof.  Counsel for each party must confirm in writing that the applicable documents have been returned or destroyed before or on the 60 day deadline identified above.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

STIPULATED PROTECTIVE ORDER – 9
USDC ED WA CAUSE NO.  2:16-cv-00134

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  DATED this 13th day of September, 2016.

3             SOHA & LANG, P.S.

4

5            By: *s/ Geoffrey Bedell*
            Steven Soha, WSBA #9415

6              soha@sohalang.com
            Geoffrey Bedell, WSBA # 28837

7              bedell@sohalang.com
          **Soha & Lang, P.S.**

8            1325 Fourth Avenue, Suite 2000
          Seattle, WA  98101-2570

9            Telephone:  206-624-1800
          Facsimile:   206-624-3585

10            Attorneys for Plaintiff

11

12  SCHEER LAW GROUP LLP
    HINSHAW & CULBERTSON LLP

13

14  By:  *s/ Larry M. Golub (as authorized by email)*

15  Mark P. Scheer WSBA No. 16651
mscheer@scheerlaw.com

16  Stephen C. Klein (*pro hac vice*),
sklein@mail.hinshawlaw.com

17  Larry M. Golub (*pro hac vice*),
lgolub@mail.hinshawlaw.com

18  Attorneys for Defendant

19

20  PURSUANT TO STIPULATION, IT IS SO ORDERED.

21  Dated:      October 13, 2016

22                      */s/ Thomas O. Rice*
              Thomas O. Rice

23                Chief United States District Judge

STIPULATED PROTECTIVE ORDER – 10
USDC ED WA CAUSE NO.  2:16-cv-00134

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on in the case of *Cities Insurance Association of Washington v. Associated Electric & Gas Insurance Services Limited*, Case No. 2:16-cv-00134-TOR.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

STIPULATED PROTECTIVE ORDER – 11
USDC ED WA CAUSE NO. 2:16-cv-00134

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

Date: _____

City and State where sworn and signed: _____

_____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER – 12
USDC ED WA CAUSE NO. 2:16-cv-00134

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, STE 2000
Seattle, Washington 98101
(206) 624-1800/Fax (206) 624-3585